UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUGO ARECHIGA-TORRES,<br>a/k/a HUGO TORRES,<br><br>Defendant. | CR. 12-50027-01-JLV<br><br>ORDER |

**INTRODUCTION**

On July 17, 2014, Defendant Hugo Arechiga-Torres was sentenced to 100 months of incarceration to be followed by 10 years of supervised release. (Docket 251). On November 13, 2017, Mr. Arechiga-Torres, appearing *pro se*, filed a motion asking the court to give a judicial recommendation to the Bureau of Prisons ("BOP"). (Docket 268). The motion seeks a recommendation that he be allowed to serve the last eight months of his sentence at a residential reentry center. Id. The government opposes defendant's motion (Docket 269). For the reasons stated below defendant's motion is denied.

**ANALYSIS**

Mr. Arechiga-Torres asserts that BOP intends to grant him only four months of placement in a residential recovery center ("RRC") at the end of his period of incarceration. (Docket 268 at p. 1). He asks the court to recommend to the BOP that he be placed in a RRC for eight months to allow him to "find employment . . . begin the process of rebuilding his life, adjust and

prepare for reentry into the community pursuant to 18 U.S.C. § 3624(c)." Id. Mr. Arechiga-Torres acknowledges BOP has discretion pursuant to 18 U.S.C. § 3621(b) to make such a placement. Id. at p. 2. He contends this discretion is displaced by § 3624(c) and asserts the Director of the BOP "must to the extent practicable, ensure that a prisoner . . . spends a portion of the final months [of his sentence] (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for reentry . . . into the community." Id. (citing 18 U.S.C. § 3624(c)(1); brackets removed). Mr. Arechiga-Torres argues that because of the number of educational and self-help programs he accomplished while in custody, the court should make a recommendation pursuant to § 3621(b)(5). Id. at p. 3.

In only a few exceptional circumstances may a court modify a prison sentence once it has been imposed. 18 U.S.C. § 3582(c). Those exceptions are: (1) if requested by the Director of BOP based on "extraordinary and compelling reasons . . . or . . . the defendant is at least 70 years of age . . . ." (2) as permitted by Fed. R. Crim. P. 35; and (3) when the "sentencing range . . . has subsequently been lowered by the Sentencing Commission . . . ." Id. None of these exceptions apply in Mr. Arechiga-Torres' case.

Mr. Arechiga-Torres' reliance on § 3621 is misplaced. Subsection (b) specifically states that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of

2

the Bureau under this section to determine or change the place of imprisonment of that person."   18 U.S.C. § 3621(b) (emphasis added).

Mr. Arechiga-Torres' reliance on § 3624(c)(1) is similarly misplaced.  That section permits BOP to determine a prisoner's RRC placement in a range of one month to up to twelve months and leaves to the discretion of the Director of the BOP what period of time "will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."   18 U.S.C. § 3624(c)(1).

A prisoner's placement in the BOP system remains a decision solely within the discretion of the Director of the BOP.  "To the extent that Defendant is challenging the Bureau of Prison's execution of his federal sentence, he is required to first pursue and exhaust administrative remedies through the Bureau of Prisons."   United States v. Volin, No. CR 14-165, 2016 WL 4544332, at *1 (D. Minn. Aug. 31, 2016) (referencing Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009) ("Mathena's petition must be dismissed because he failed to exhaust his administrative remedies within the Bureau of Prisons.  A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.").  "This exhaustion requirement recognizes the notion that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer and to be able to exercise their discretionary power and apply their special expertise."   Morgan v. United States, No. CIV. 14-3003, 2014 WL 1871861, at *5 (D.S.D. May 8, 2014).

Mr. Arechiga-Torres' citation to district court decisions in other regions of the country is not persuasive. (Docket 268 at p. 2). Even were the court to grant the discretion to make a recommendation of the type sought by Mr. Arechiga-Torres, the court is not inclined to interfere with the BOP's administration of prisoner placement or other reentry programs. Defendant's motion is denied.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion (Docket 268) is denied.

Dated May 21, 2018.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE